**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SCOTT DOLEMBA, on behalf of plaintiff and the class defined below, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| SECURITY ONE SYSTEMS, INC., | )<br>) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Scott Dolemba brings this action to secure redress from unlawful telemarketing practices engaged in by defendant Security One Systems, Inc. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and state law.

2. The TCPA restricts the use of automated telephone dialing equipment or a prerecorded or artificial voice to call cellular telephones.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's communications were received by plaintiff within this District;

   b. Defendant transacts business within this District.

### PARTIES

5. Plaintiff Scott Dolemba is an individual who resides in the Northern District of Illinois.

6. Defendant Security One Systems, Inc., is an Ohio corporation that does business in Illinois. Its registered agent and office is Robert C. Kniffin, 110 Penrod Avenue,

1

Patasakala, Ohio 43062.

7. Defendant Security One Systems, Inc., is in the business of selling home security systems.

## FACTS

8. On September 29, 2014, at 9:30 A.M., plaintiff received an automated telephone call, playing a recorded message, on his cell phone, from the number 269 477-2201. That number was issued to or used by Security One Systems, Inc.

9. The call attempted to sell plaintiff a home security system.

10. The call played a message instructing plaintiff to press "1" to speak to a live person.

11. Plaintiff had no relationship with defendant.

12. Plaintiff did not authorize the automated placement of calls to his cell phone.

13. Plaintiff did not furnish his cell phone number to defendant.

14. Plaintiff and each class member is entitled to statutory damages.

15. Defendant violated the TCPA even if its actions were only negligent.

16. Defendant should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

17. Plaintiff incorporates paragraphs 1-16.

18. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

  **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

    **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

      **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party**

> **is charged for the call; . . .**

19. The TCPA, 47 U.S.C. §227(b)(3), further provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

20. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

## CLASS ALLEGATIONS

21. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received automated calls by or on behalf of defendant.

22. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

23. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

> a. Whether defendant engaged in a pattern of using automated equipment or a recorded or artificial voice to place calls to cellular telephones;
>
> b. The manner in which defendant obtained the cell phone numbers;
>
> c. Whether defendant thereby violated the TCPA.

24. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has

retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

25. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

26. Several courts have certified class actions under the TCPA. Telephone call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,* 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 WL 211013, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 WL 1932283, 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012). Other cases include: *Holtzman v. Turza*, 08 C 2014, 2009 WL 3334909, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in pertinent part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 WL 744262, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451,

455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.*, 4:12cv221 (E.D.Mo., Feb. 25, 2013).

27. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

   (1) Statutory damages:

   (2) An injunction against further violations;

   (3) Costs of suit:

   (4) Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

28. Plaintiff incorporates paragraphs 1-16.

29. Defendant engaged in unfair acts and practices, in violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), by engaging in the automated placement of calls to cell phones.

30. Such conduct contravenes public policy, as set forth in the TCPA.

31. Defendant engaged in such conduct in the course of trade and commerce.

## CLASS ALLEGATIONS

32. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons in Illinois (b) who, on or after a date 3 years prior to the filing of this action, (c) received automated calls by or on behalf of either defendant.

33. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

34. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant engaged in a pattern of using automated equipment or a recorded or artificial voice to place calls to cellular telephones;

    b. The manner in which defendant obtained the cell phone numbers;

    c. Whether defendant thereby violated the ICFA.

35. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

36. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

37. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    (1) Compensatory and punitive damages:

    (2) An injunction against further violations;

    (3) Attorney's fees, litigation expenses and costs of suit:

    (4) Such other or further relief as the Court deems just and proper.

                                                                       s/Daniel A. Edelman  
                                                                       Daniel A. Edelman

Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Francis R. Greene  
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC  
20 S. Clark Street, Suite 1500  
Chicago, Illinois 60603-3593  
(312) 739-4200  
(312) 419-0379 (FAX)

## **VERIFICATION**

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of his knowledge and belief.

*Scott Dolemba*

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                  s/Daniel A. Edelman
                                                Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\30423\Pleading\Comlaint_Pleading.wpd